UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PROTECO LANDFILL SUPERFUND
SITE GENERATOR PARTIES GROUP,
    Plaintiff,

    v.

MRJ DISTRIBUTORS, INC., ET AL.,
    Defendants.

Civil No. 23-1500 (ADC)

OPINION AND ORDER

Plaintiff, the PROTECO Landfill Superfund Site Generator Parties Group ("GPG" or "plaintiff") brought claims against Pepsi-Cola Manufacturing Co., Inc ("PepsiCo") and several other defendants under CERCLA's contribution mechanism in an attempt to recover costs associated with the Remedial Investigation/Feasibility Study ("RI/FS") for the PROTECO Site (the "Site"). With the exception of PepsiCo, all other defendants have reached a settlement with plaintiff. **ECF No. 310.** Pending before the Court is PepsiCo's motion to dismiss plaintiff's fourth amended complaint, **ECF No. 251**, pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 261**. Plaintiff opposed and defendant replied. **ECF Nos. 266, 298**. For the reasons discussed below, PepsiCo's motion is **DENIED**.

I.    **Factual and Procedural Background**

On October 4, 2023, the GPG filed suit against defendants, alleging that three defendants, Colorcon P.R. LLC, Puerto Rico Investment Development Company, and Thermo King de Puerto Rico, Inc., filled the PROTECO Superfund Site in Peñuelas, Puerto Rico, a Federally listed

Superfund Site on the National Priorities List ("PROTECO Site"), with hazardous waste from approximately 1975-1990. **ECF No. 1**, at 3. Plaintiff alleges that defendants are liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") section 107(a) and seeks cost recovery and contribution under CERCLA sections 107 and 113, 42 U.S.C. § 9601 *et seq.*, for response costs that it has expended to date and will expend in the future to complete the RI/FS as required by the Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study as amended ("RI/FS ASAOC") for the PROTECO Site. *Id.*, at 1. Additionally, plaintiff seeks a declaratory judgment on liability for response costs under CERCLA section 107(a), 42 U.S.C. § 9607(a) and/or CERCLA section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B). *Id.*, at 14.

On January 5, 2024, plaintiff amended the complaint to add other parties and PepsiCo as defendants, alleging that "PepsiCo arranged for the disposal of hazardous substances at the PROTECO Site" and that "[w]aste sent by PepsiCo to the PROTECO Site included but was not limited to lab packs, acid liquid, potassium benzoate, caffeine anhydrous, sodium benzoate, citric acid, sodium saccharin, and sodium chloride, and other waste described by a RCRA ledger as "liquid hazardous and solid wastes." **ECF No. 18**, at 10. The first amended complaint further alleges that "hazardous substances sent by PepsiCo to the PROTECO Site . . . caused [plaintiff] to incur response costs consistent with the National Oil and Hazardous Substances Pollution Contingency Plan. . . ." *Id.*, at 11.

Plaintiff filed a second amended complaint on June 24, 2024, adding additional defendants. **ECF No. 45**. PepsiCo filed an answer on September 27, 2024. **ECF No**. **129**. Plaintiff tendered a third amended complaint on May 30, 2025, adding an additional defendant. **ECF No. 195**. PepsiCo filed an answer on June 18, 2025, including crossclaims against co-defendants and counterclaims against the plaintiff. **ECF No. 200**.

On November 20, 2024, the Court referred the case to a United States Magistrate Judge for a settlement conference. **ECF No. 167**. After the settlement conference held on July 31, 2025, plaintiff filed the fourth, operative, amended complaint, adding once again an additional defendant. **ECF No. 251**. Settlement conferences were also held on August 26, 2025, **ECF No. 265**, August 28, 2025, **ECF No. 267**, September 19, 2025, **ECF No. 285**, and November 25, 2025, **ECF No. 305**. As a result of these settlement discussions, plaintiff settled its claims against all defendants except PepsiCo. **ECF No. 310**.

PepsiCo filed the instant motion to dismiss on August 14, 2025. **ECF No. 261**. PepsiCo's motion to dismiss argues that "[p]laintiff has failed to plead that Pepsi *intended* to dispose of a hazardous substance, as required by *Burlington Northern & Santa Fe Railway Co. v. United States*, 556 U.S. 599, 608–10 (2009), and its progeny." **ECF No.** 261, at 1. Additionally, PepsiCo requests that the Court deny plaintiff further leave to amend its complaint. *Id.*, at 1-2.

## II.    Legal Standard

### A.    Motion to Dismiss

When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P 12(b)(6), courts must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action. . . [and they] must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)) (citation modified). In order to perform this plausibility inquiry, the Court must "separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the factual allegations in a complaint, stripped of conclusory legal allegations, raise no 'more than a sheer possibility that a defendant has acted unlawfully,' the complaint should be dismissed." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Rodríguez-Reyes*, 711 F.3d at 53, and *Iqbal*, 556 U.S. at 678). In sum, "[t]he relevant inquiry focuses on the reasonableness of the inference of

liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."

*Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

### B.    Leave to Amend

Leave to amend is governed by Federal Rule of Civil Procedure 15(a), which allows parties to amend their pleadings once as a matter of course within 21 days of serving their pleading or within 21 days after service of a Rule 12 motion. Additionally, Fed. R. Civ. P. 15(a)(2) allows "a party may amend its pleading only with the opposing party's written consent or the court's leave," and stating that "[t]he court should freely give leave when justice so requires." This rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). Although Rule 15(a)(2) has a liberal amendment policy, the district court also "enjoys significant latitude in deciding whether to grant leave to amend," and a district court's decision on granting or denying leave to amend is reviewed deferentially "if any adequate reason for the denial is apparent on the record." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009).

## III.    Discussion

### A.    Motion to Dismiss

In support of its motion to dismiss, PepsiCo argues that plaintiff has failed to "plead facts that establish Pepsi[Co] arranged for the disposal of hazardous substances because it fails to allege that Pepsi intended to dispose of any alleged hazardous substance, as is required under

*Burlington Northern* and its progeny." **ECF No. 261**, at 3. PepsiCo claims that, because it is alleged

to be liable as an "arranger" under CERCLA, plaintiff must also allege proof "that the defendant

***actually intended*** to dispose of a hazardous substance." *Id.*, at 4 (citing *Burlington Northern*)

(emphasis in original). Plaintiff cites to *United States v. Gen. Elec. Co.*, 670 F.3d 377 (1st Cir. 2012),

to argue that the "robust and fact-intensive analysis in [the case] demonstrates precisely why

[p]laintiff's [c]omplaint here is deficient." **ECF No. 261**, at 5.

In opposition to PepsiCo's motion, plaintiff argues that "intent is not an element of this

type of arranger case" and, even if the Court "were to adopt an intent standard, the Fourth

Amended Complaint alleges sufficient facts to establish that Pepsi knew, or should have known,

the waste it sent to PROTECO contained hazardous substances." Finally, plaintiff argues that

"[i]n all events, Pepsi[Co]'s arguments are untimely. Pepsi failed to raise them when it had the

opportunity not once but twice before, when [plaintiff] filed the exact same claims against Pepsi

in its Second and Third Amended Complaints." **ECF No. 266**, at 2. The Court agrees with

plaintiff that its fourth amended complaint is sufficiently well-pled as to pass 12(b)(6) muster.[1]

In the light most favorable to plaintiff, a review of the complaint reveals that plaintiff has

sufficiently laid out a case to allege PepsiCo's liability under CERCLA section 107(a). Plaintiff

---

[1] As to plaintiff's second argument, PepsiCo's motion to dismiss is not "untimely." PepsiCo's second affirmative defense in its answer to the third amended complaint preserves its ability to raise the argument that plaintiff failed to state a claim upon which relief can be granted. **ECF No. 200**, at 39 ("Each claim for relief in the Third Amended Complaint fails to state a claim upon which relief can be granted and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)").

plausibly pleads the following six elements required for a *prima facie* CERCLA section 107 case: (1) that the "person" against whom recovery is sought is a "liable person" under section 107(a); and (2) that there has been a release or threatened release; (3) of a hazardous substance; (4) from a facility resulting in; (5) the incurrence of necessary costs of response; (6) that are consistent with the NCP. 42 U.S.C. § 9607(a)(1)-(4)(B). PepsiCo's only objection as to plaintiff's allegations is that PepsiCo is not a "liable person" under section 107. **ECF No. 261**, at 5. Under Section 107(a) four categories of a potentially "liable person," are identified; to wit: (1) current owner and operator at the site, (2) any person that owned or operated the site at the time of disposal of hazardous substances, (3) transporter of hazardous substances for disposal or treatment at the site; and (4) anyone that arranged for disposal or treatment of hazardous substances at the site. 42 U.S.C. § 9607(a). Plaintiff alleges that "PepsiCo arranged for the disposal of hazardous substances at the PROTECO Site" and "may also have arranged for transport of hazardous substances with Servicios Carbareón that were disposed of at the PROTECO Site." **ECF No. 195**, at 13.

At this juncture, plaintiff need only plead "sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes*, 711 F.3d at 53. Plaintiff has sufficiently pled that PepsiCo "arranged" for the disposal of hazardous substances, which is sufficient to state a claim for liability under CERCLA section 107. The Court need not apply the fact-intensive standard PepsiCo encourages it to apply. Indeed, such case law and a fact-intensive standard

may be applicable at the summary judgment stage, but not at this juncture. Accordingly, PepsiCo's motion to dismiss is **DENIED**.

### B.    Leave to Amend

PepsiCo argues that, because plaintiff has "had *five separate opportunities* to submit a complaint that properly pleads its claims," the Court should deny plaintiff any additional opportunity to amend its complaint. **ECF No. 261**, at 9 (emphasis in original). PepsiCo alleges that allowing an amendment would permit plaintiff to "'wait and see' for defendants such as Pepsi to identify obvious pleading deficiencies in a motion to dismiss, then seek leave to amend yet again in order to cure these deficiencies after-the-fact." *Id.*, at 10. Defendant cites numerous cases where plaintiffs were denied further leave to amend after having had prior opportunities to do so. *See id.*, at 9-10 (collecting cases).

Yet each of the cases to which plaintiff cites evidences the standard that the court may deny a plaintiff further leave to amend *after* plaintiff has once again requested it. *See id*. None demonstrates the court preemptively denying leave to amend before plaintiff has even requested such leave from the court. That is not an accident. The proper juncture at which defendant should present its opposition to plaintiff's request to amend is if – and when – plaintiff seeks to amend its complaint again. Then, defendant may oppose such a request, and the Court will consider defendant's request at such juncture. Defendant's request for the court to deny further leave to amend, is at this time, **DENIED**.

## IV.    Conclusion

For all of the above reasons, the Court **DENIES** PepsiCo's motion to dismiss at **ECF No. 261**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**