**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **PROTECO LANDFILL SUPERFUND SITE GENERATOR PARTIES GROUP,**<br>**Plaintiff,**<br><br>**v.**<br><br>**COLORCON PR, LLC., ET AL.,**<br>**Defendants.** | **Civil No. 23-1500 (ADC)** |

**OPINION AND ORDER**

Plaintiff, the PROTECO Landfill Superfund Site Generator Parties Group ("GPG" or "plaintiff") brought claims against Pepsi-Cola Manufacturing Co., Inc ("PepsiCo") and several other defendants under Comprehensive Environmental Response, Compensation, and Liability Act's ("CERCLA") contribution mechanism in an attempt to recover costs associated with the Remedial Investigation/Feasibility Study ("RI/FS") for the PROTECO Site (the "Site"). With the exception of PepsiCo, all other defendants settled all claims with plaintiff. **ECF No. 310.**

Eventually, GPG moved for voluntary dismissal of its claims against PepsiCo. **ECF No. 347.** The Court granted the notice and entered judgment. **ECF Nos. 348, 349**. Pending before the Court is PepsiCo's motion to amend or alter judgment. **ECF No. 350.**

**I. Factual and Procedural Background**

On October 4, 2023, GPG filed suit against defendants, alleging that three of them, Colorcon P.R. LLC, Puerto Rico Investment Development Company, and Thermo King de Puerto Rico, Inc., filled the PROTECO Superfund Site in Peñuelas, Puerto Rico, a federally listed Superfund Site on the National Priorities List ("PROTECO Site"), with hazardous waste from approximately 1975-1990. **ECF No. 1**, at 3. Plaintiff alleged that defendants are liable under sections 107 and 113, 42 U.S.C. § 9601 *et seq*. of CERCLA and seeks cost recovery and contribution under CERCLA for response costs that it has expended to date and will expend in the future to complete the RI/FS as required by the Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study as amended ("RI/FS ASAOC") for the PROTECO Site. *Id.*, at 1. Additionally, plaintiff sought a declaratory judgment on liability for response costs under CERCLA section 107(a), 42 U.S.C. § 9607(a) and/or CERCLA section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B). *Id.*, at 14.

On January 5, 2024, plaintiff amended the complaint to add other parties and PepsiCo as defendants, alleging that "PepsiCo arranged for the disposal of hazardous substances at the PROTECO Site" and that "[w]aste sent by PepsiCo to the PROTECO Site included but was not limited to lab packs, acid liquid, potassium benzoate, caffeine anhydrous, sodium benzoate, citric acid, sodium saccharin, and sodium chloride, and other waste described by a RCRA ledger as "liquid hazardous and solid wastes." **ECF No. 18**, at 10. The first amended complaint further alleged that "hazardous substances sent by PepsiCo to the PROTECO Site . . . caused [plaintiff]

to incur response costs consistent with the National Oil and Hazardous Substances Pollution Contingency Plan. . . .” *Id*., at 11.

Plaintiff filed a second amended complaint on June 24, 2024, adding additional defendants. **ECF No. 45**. PepsiCo filed an answer on September 27, 2024. **ECF No**. **129**. Plaintiff tendered a third amended complaint on May 30, 2025, adding an additional defendant. **ECF No. 195**. PepsiCo filed an answer on June 18, 2025, including crossclaims against co-defendants and counterclaims against the plaintiff. **ECF No. 200**.

On November 20, 2024, the Court referred the case to a United States Magistrate Judge for a settlement conference. **ECF No. 167**. After the settlement conference held on July 31, 2025, plaintiff filed the fourth and operative amended complaint, adding once again an additional defendant. **ECF No. 251**. Settlement conferences were also held on August 26, 2025, **ECF No. 265**, August 28, 2025, **ECF No. 267**, September 19, 2025, **ECF No. 285**, and November 25, 2025, **ECF No. 305**. As a result of these settlement discussions, plaintiff settled its claims against all defendants except PepsiCo. **ECF No. 310**.

PepsiCo filed a motion to dismiss on August 14, 2025. **ECF No. 261**. PepsiCo’s argued in its motion to dismiss that “[p]laintiff has failed to plead that Pepsi intended to dispose of a hazardous substance, as required by *Burlington Northern & Santa Fe Railway Co. v. United States*, 556 U.S. 599, 608–10 (2009), and its progeny.” **ECF No.** 261, at 1. Additionally, PepsiCo requested that the Court deny plaintiff further leave to amend its complaint. *Id.*, at 1-2.

On January 27, 2026, this Court granted a stipulation of dismissal that dismissed GPG's claims against all defendants except for PepsiCo, dismissed all counterclaims by the "settling defendants" against GPG, and dismissed all of the "settling defendants'" crossclaims against each other. **ECF No. 308**.

On March 18, 2026, PepsiCo filed a motion for "…substitution of counsel…." **ECF Nos. 325, 326**.[1] On March 25, 2026, this Court denied PepsiCo's motion to dismiss GPG's fourth amended complaint. **ECF No. 327**.

On April 28, 2026, GPG and PepsiCo filed a joint motion wherein the parties conceded inter alia that "On March 25, 2026, this Court denied Pepsi's Motion to Dismiss the Fourth Amended Complaint… **Pepsi has not filed an answer to the Fourth Amended Complaint**." **ECF No. 332** (emphasis added). Indeed, well past the deadline to respond to the fourth and operative pleading, PepsiCo had not logged an answer, requested an extension of time, or moved to deem its answer and counterclaims to the third amended complaint as responsive to the latest version of the operative pleading authorized by the Court.

Instead of filing an answer or reasserting its counterclaims, on May 28, 2026, PepsiCo moved to compel the production of documents "served on the GPG on May 1, 2025[,]" a month before PepsiCo filed its answer to the third amended complaint and counterclaims. **ECF No.**

[1] The Court notes the change of counsel only to stress the fact that PepsiCo was represented by legal counsel at all times.

**333**. On June 26, 2026, PepsiCo moved to amend its motion to compel. **ECF No. 338**. That same day, while addressing a pending motion filed by a dismissed party (a settling defendant), the Court dismissed PepsiCo's crossclaims. **ECF No. 339**. On July 17, 2026, PepsiCo filed a motion for leave to reply to GPG's opposition to the motion to compel production of documents. **ECF No. 342**.

## II. Legal Standard

The Federal Rules of Civil Procedure do not specifically recognize a "reconsideration" mechanism. Instead, parties usually resort to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). "[A] motion for reconsideration should be granted if the court 'has patently misunderstood a party ... or has made an error not of reasoning but [of] apprehension.'" *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). Moreover, it must "either clearly establish a manifest error of law or ... present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006); *see also United States v. Peña-Fernández*, 2019 WL 3716472, at *2 (D.P.R. 2019) (requiring a "manifest error of law... newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014))).

## III. Discussion

PepsiCo moves to alter judgment pursuant to Fed. R. Civ. P. 59(e). **ECF No. 349**. It argues that entering final judgment was improper because it disposed of PepsiCo's three counterclaims for: (i) for CERCLA § 113(f)(1) contribution, (ii) CERCLA § 113(g)(2) declaratory judgment, and (iii) indemnification. As per PepsiCo, these counterclaims were previously pleaded with its answer to the third amended complaint, **ECF No. 200**, and were never adjudicated or dismissed. PepsiCo primarily contends that the judgment reflects a manifest error of law and fact because counterclaims, in general, seek affirmative relief and are legally independent from a plaintiff's claims. As such, unlike responsive allegations, its counterclaims cannot be unilaterally extinguished by plaintiff's fourth amended complaint or voluntary dismissed under Fed. R. Civ. P. 41(a).

In the alternative, PepsiCo requests relief under Rule 60(b)(1) for judicial mistake and Rule 60(b)(3) for material misrepresentation. PepsiCo asserts that the judgment rested on the mistaken factual premise that no claims remained pending, which GPG misrepresented to the Court. Additionally, PepsiCo underscores that due process principles prohibit a party's claims from being extinguished sub silentio without notice, briefing, or a court order. Ultimately, PepsiCo requests that the Court reopen the case for independent adjudication of these counterclaims or, at minimum, order briefing on their status before permitting the action to close.

Why PepsiCo consciously opted not file an answer to the fourth amended complaint, even if only to renew its counterlclaims (a seemingly simple task that would have avoided the perils they now seek to avoid) is beyond this Court's understanding. Because of its tactical choices, PepsiCo must now clear a very high bar. Specially, considering that a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures… or advance arguments that could and should have been presented to the district court prior to judgment." *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted). Consequently, PepsiCo's motion must be denied for several reasons.

First, as the movant for extraordinary relief under Rules 59 or 60, it was PepsiCo's burden to show that the Court erred in the first place. PepsiCo concedes that an amended complaint supersedes the previous pleading and turns the responsive pleading inoperative. *See* **ECF No. 349** at 6-7 (calling this effect as the "suppression doctrine" and admitting that First Circuit case law "hold[s] that a defendant's **answer and defenses** responsive to a superseded complaint are mooted, requiring the defendant to replead its defenses in a new answer to the amended complaint." (citing *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003)(emphasis in the original))). It argues, however, that counterclaims are different and are not extinguished like the rest of an answer to a superseded complaint. *Id.*, at 7 ("counterclaims are not mere defenses. They are independent

claims for affirmative relief"). Unfortunately, PepsiCo does not point to a rule or case law supporting that proposition, failing to meet their burden of showing that the Court erred.

Although PepsiCo cannot simply shift burdens, out of intellectual curiosity the Court has entertained their argument and has independently found some support for the conclusion that the suppression effect of a superseding amendment reaches counterclaims, too. *See Doe v. Williston Northampton Sch.*, 766 F. Supp. 2d 310, 313 (D. Mass. 2011)("Because Defendant… failed to reassert any counterclaims in his answers to the first and second amended complaints, it would be possible to conclude that the counterclaims have simply vanished from the currently operative pleadings, and no need therefore exists to dismiss them."); *Providence Piers, LLC, Plaintiff, v. Smm New England, Inc., et al*, 12-cv-00532 (March 18, 2013), 2013 WL 12379673 (D.R.I.) ("Once a plaintiff files an amended complaint, the defendant must file an amended answer… If a defendant's answer to an amended complaint does not reassert counterclaims contained in the defendant's original answer, those counterclaims are considered abandoned and drop out of the case."); *see also Settlement Capital Corp. v. Pagan*, 649 F. Supp. 2d 545, 562 (N.D. Tex. 2009) ("While Seneca and Route 28 asserted counterclaims for slander of title in their original answer, these counterclaims were not reasserted in their amended answer and thus have been abandoned."); *Johnson v. Berry*, 228 F. Supp. 2d 1071, 1079 (E.D. Mo. 2002) ("By failing to plead in response to the first amended complaint, and therein to replead his counterclaim, Berry abandoned his counterclaim, which effectively dropped from the case.").

On the other hand, although not flagged by PepsiCo, the Court also found some support for the opposite conclusion in other circuits. *See Dunkin' Donuts, Inc. v. Romanias*, Civ. No. 00-1886, 2002 WL 32955492, at *1-2 (W.D.Pa. May 29, 2002); *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, Civ. No. 07-2035, 2008 WL 5723531, at *5 (N.D. Ohio Aug. 29, 2008)(deciding not to deem counterclaims waived based on "equitable considerations"). But even those cases presented a very different scenario, which might explain the reason why PepsiCo did not cite them in their motion to alter judgment. To wit, in *Hitachi*, "the defendants… sought and obtained leave to file an answer to the amended complaint and, in doing so, incorporated the counterclaim by reference. Thus, while the process by which Horizon asserted its counterclaim is no model of procedural practice, Horizon is by no means guilty of the complete inattention…." *Id*., at *4 (N.D. Ohio Aug. 29, 2008). Conversely, here, PepsiCo consciously did not file a fourth amended answer and counterclaims. Moreover, in *Dunkin' Donuts,* the defendants at least "filed an amended answer." *Dunkin' Donuts, Inc. v. Romanias*, 2002 WL 32955492, at *2.[2]

[2] Aside from the differences in the facts, the reasoning in *Dunkin' Donuts,* is unpersuasive here. That Court reasoned that (i) plaintiff failed to "cite any authority" in support and that (ii) "an answer responds to the allegations in a complaint, a counterclaim is something independent. Revisions to a complaint do not require revisions to a counterclaim." *Id*., at 2. As pointed out above, some courts have held that a defendant waives counterclaims that are not reasserted after an amended pleading is logged. And, in this case, the counterclaims do not seem to be "independent" from plaintiff's claims. As discussed in another part of this Memorandum and Order, PepsiCo's counterclaims are contingent on a finding of liability against it.

Evidently, these cases do not carry the day for PepsiCo. At best, they show that PepsiCo's legal argument is an unsettled issue. Thus, PepsiCo cannot show that the Court erred as a matter of law, committed a judicial mistake, adjudged based on a misrepresentation, or that other Rule 59 or 60 factors are met.

Second, PepsiCo's argues that counterclaims are separate and independent because Fed. R. Civ. P. 42 allows the Court to hold a trial for counterclaims separate from the rest of the case is equally unavailing. That rule assumes that there are live counterclaims in the first place. **ECF No.** 350, at 6. There is nothing in Rule 42 that could be interpreted as a recognition that once counterclaims are asserted they remain regardless of what shape or form the case ends up assuming after amended pleadings are filed.

Third, PepsiCo's due process argument objecting to the "eliminat[ion] through unilateral declaration by an adversary" is misplaced. *Id.*, at 11. PepsiCo's counterclaims were not dismissed via notice of voluntary dismissal, they were "eliminated" from the record when PepsiCo decided not to file an answer to the operative pleading and opted no to reassert its counterclaims. If the wipe out of its responsive pleading is not offensive to due process (PepsiCo does not claim it is; *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)), the same effect over a counterclaim should not lead to a different result when it comes to due process property interests, especially when, as here, the counterclaims all depend on plaintiff's or co-defendant's claims (which were voluntarily dismissed).

Finally, PepsiCo's position makes little sense once the reader leans in and carefully examines the counterclaims at issue. The "first counterclaim" requires that "Pepsi [be] adjudged liable to Plaintiff for the claims set forth in the Third Amended Complaint" and only then does "Pepsi demand[] contribution from Plaintiff." **ECF No. 200** at 46. The "second counterclaim" asks for declaratory judgment stating that "Plaintiff is jointly and severally liable under 42 U.S.C. § 9613(a) for all response costs incurred as a result of the release and/or threatened release of hazardous substances from the PROTECO Site…." *Id.*, at 47.[3] Finally, PepsiCo's "third counterclaim" also entirely depends on "Pepsi [being] adjudged liable to Plaintiff or co-defendants…." *Id.*, at 48. All three counterclaims are contingent on PepsiCo being found liable. Because plaintiff dismissed the remaining claims against PepsiCo in this case, PepsiCo's counterclaims lacked a sine quo non element.[4] Thus, PepsiCo failed to show that the Court erred in any meaningful way.

---

[3] Even if this counterclaim could be interpreted as not necessitating an affirmative finding of liability against PepsiCo (a stretch, at best) the Court would not grant declaratory relief as requested in consideration of practicality and judicial administration, as well as the rest of the reasons stated herein and in GPG's filing at **ECF No. 351**. The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Thus, if "considerations of practicality and wise judicial administration" advise against it, a trial court may choose, in its discretion, not to grant a declaratory judgment. *Id.*, at 288. "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, ... to dismiss an action seeking a declaratory judgment before trial." *DeNovellis v. Shalala*, 124 F.3d 298, 313 (1st Cir. 1997) (quoting *Wilton*, 288 (1995)).

[4] In any event, the judgment does not foreclose PepsiCo's rights outside the three specific contingent counterclaims discussed above.

For all of the above, the Court **DENIES** PepsiCo's motion to alter judgment at **ECF No. 350**. The motions for leave to file reply and sur-reply at **ECF Nos. 352** and **354** are **DENIED**. Accordingly, the reply at **ECF No. 353** is **STRICKEN** from the record.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of October 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**